[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 284 
The plaintiff delivered the stones for "culvert heads," for which a recovery was had, wrought and prepared for setting, at or near the places where they would be required and where they were ultimately used for and under a contract with the Kelehers, as a part of the materials called for by their contract with the defendant.
Notwithstanding the subsequent abandonment of the work of building the sewers by the Kelehers, and the completion of the same by the city under a clause in the Kelehers' contract permitting the city, in a certain contingency, to enter upon and complete the work, using the materials that might be found upon the ground, the Kelehers remained liable to the plaintiff upon their agreement with him. The plaintiff performed his contract and furnished the stones, of the form and dimensions required, and they were accepted and approved by the inspectors and engineer of the work, and this entitled him to demand and recover from the Kelehers the agreed price.
The plaintiff, on his first examination, says that the pay was to be left until the stones were inspected, or until they were approved; and near the close of the trial he testified that *Page 285 
there was no right to pay until the stones were properly set and passed by the engineer. They were set and passed as required, and it was immaterial that a part were set and put in their places by the city, under a provision in the contract between the city and the Kelehers, instead of the contractors themselves.
It was no part of the duty of the plaintiff to put them in their places or set them. They were set, and the Kelehers had the benefit of them under their contract. The inspection and approval was made a condition precedent to payment, for the benefit of the Kelehers, and, that condition being performed, their obligation to pay became absolute.
The stones were delivered before the assumption of the work by the city, but inspected and approved afterward. The plaintiff had substantially performed his contract, while the Kelehers were prosecuting this work, but they had not progressed in their work so that they could call upon the engineer then to inspect and reject or accept the stones. This did not affect the plaintiff's rights and remedies against the when the inspection should be had, or if they should fail or refuse to use the stones or to procure an inspection by the engineer. Upon the evidence there was a clear cause of action against the Kelehers upon their express contract. No express contract with the city or promise by any of its officials or agents to pay the plaintiff for the stones was proven, and whether any could be implied depends upon the circumstances.
It does not appear that the plaintiff at any time sought to reclaim the stones, or asserted any right to them as against the city or any other person. He did recognize an obligation to do what slight trimming might be necessary to fit the frames or iron covers. This, a workman could do on each stone in about fifteen minutes, and this was all that the plaintiff had to do after the delivery of the stone on the ground; and, in the absence of evidence to the contrary, this must be assumed to have been done under his contract with the Kelehers. Had he failed to do this, it would hardly have interfered with his right to recover the contract price, as he had substantially *Page 286 
performed his agreement. The city, by the mere taking of the stones which were found with other materials on the line of the work, cannot be said to have recognized the ownership of the plaintiff, and to have taken them as his property, so as to raise an implied assumpsit to pay him for them.
Other evidence was necessary to authorize a jury to infer a promise to the plaintiff. The stones were taken under an express contract with the Kelehers; and while it is true the latter could not authorize the taking of the plaintiff's property or make title to property they did not own, if the city used and appropriated the stones under a claim of right from the Kelehers, that circumstance would go far to rebut a presumption of a promise to pay the plaintiff.
But the difficulties of the plaintiff's case are more serious than this. There was evidence by the plaintiff tending to show that he had knowledge of the clause in the Keleher contract authorizing the city, upon assuming the work, to take possession of and use the materials that might be found on the line; and although he seeks to evade the force and effect of the statement by saying that he supposed it only related to completed and perfected materials, still the evidence was there, and with other circumstances would have authorized a finding by the jury that he had knowledge of this provision. If he had such knowledge, and stood by and saw the city authorities acting under it and appropriating the materials he had provided, and asserted no claim to them, or made no objection to their being thus taken and used, neither seeking the property nor the obligation of the city to pay for it, not only is any presumption of a promise by the city to pay conclusively rebutted, but the plaintiff is estopped as against the city from claiming the property.
The judge was asked to charge the jury, that if the plaintiff, knowing of this clause in the contract, allowed the city to take the granite culvert heads along the line of the work without opposition or notice to the defendant that he claimed them, he could not recover for them in this action, and to the refusal so to charge there was an exception. This was error. *Page 287 
If the culvert heads were thus used as a part of the materials belonging to the contractors, with the knowledge and assent of the plaintiff, the presumption of an undertaking by the city to pay the plaintiff for them is repelled. The city did, as it would seem from the record, in pursuance of the terms of the contract with the Kelehers, settle with the contractors and pay the balance due upon the adjustment of the accounts to those entitled, and among others a part of such balance was paid by the city to the plaintiff upon his claim against the Kelehers.
This view of the case leads to a reversal of the judgment; but as the evidence may be changed upon another trial, it is not out of place to notice other questions presented by the record.
Quite a number of the culvert heads furnished by the plaintiff were put in their places and bedded by the Kelehers while they were in charge of the work. After the city assumed the work the plaintiff performed the trifling operation of trimming the stones to fit on the frame or iron cover. The city merely omitted to displace and reject the stones so placed after the Kelehers left. This did not authorize a recovery for this portion of the stones, as upon an implied assumpsit. The judge erred in refusing to charge, as requested, that if there was no affirmative act or thing done by the agents or officers of the city in reference to the eighteen culvert heads set at the time the city took possession, the plaintiff could not recover therefor.
Again, there was error in excluding evidence of the acts of the city officials in accepting the stone delivered by the plaintiff, in the absence of the latter.
The acceptance by the city's agents was a condition precedent to the right of the plaintiff to demand pay imposed by the Kelehers for their benefit and protection. The acceptance was of the stone upon the contract of the Kelehers with the city, and an act between the Kelehers and the city. So far as the plaintiff was concerned it was a transaction of third persons, upon which his right to recover for the stones *Page 288 
delivered by him was, by the terms of the contract, made to depend. His presence or absence at the time of the acceptance was wholly immaterial. His right to compensation did not depend upon notice to or knowledge by him of the acceptance. If the stones were in fact accepted, his contract was fully performed and his right to recover his pay absolute.
The judgment must be reversed and a new trial granted, costs to abide the event.
All concur.
PECKHAM, J., concurring in result.
Judgment reversed.